United States District Court
Southern District of Texas
**ENTERED**
October 11, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| GREGORIO GARCIA, III, § <br> Plaintiff § <br> § <br> v. § <br> § <br> § <br> § <br> BERNADETTE RODRIGUEZ, et al § <br> Defendants § | Civil Action No. 1:22-cv-101 |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Plaintiff Gregorio Garcia, III's pro se "Prisoner Civil Rights Complaint" (hereinafter, Garcia's "Complaint"). Dkt. No. 1. For the reasons provided below, it is recommended that: (1) Garcia's Complaint be **DISMISSED WITH PREJUDICE**; and (2) the Clerk of Court be **DIRECTED** to **CLOSE** this case.

It is further recommended that the Court **NOTIFY** Garcia that the Court's dismissal of this action counts as a strike for purposes of 28 U.S.C. § 1915(g) and that the Clerk of Court be instructed to send notice of the dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.[1] It is recommended that the Court caution Garcia that if he accumulates three strikes he will not be able to proceed in forma pauperis in any civil action or appeal, if he files that action or appeal while incarcerated or detained in any facility, unless he is under imminent

---

[1] Section 1915(g) of Title 28 prohibits prisoners from proceeding in forma pauperis if they have had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). The Fifth Circuit refers to this rule as the "three-strikes" provision. *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

danger of serious physical injury. 28 U.S.C. § 1915(g); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

## I. Jurisdiction

The Court has federal question subject matter jurisdiction because Garcia has alleged violations of 42 U.S.C. § 1983. *See* Dkt. No. 1; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## II. Background and Procedural History

Garcia, a prisoner in state custody, filed his Complaint and "Application to Proceed in Forma Pauperis" in the Corpus Christi Division of the Southern District of Texas on August 8, 2022. Dkt. Nos. 1, 2. Plaintiff sues two Willacy County State Jail (WCSJ) officials, claiming that they failed to provide him with adequate legal materials when they gave him use of a landline rather than access to a Zoom videoconference in connection with a *Spears* hearing in another civil rights action, *Gregorio Garcia, III v. M. Crow et al*, Civil Action No. 2:22-cv-68 (hereinafter, "*Garcia v. Crow*")[2]. *Id*. at 5. Plaintiff alleges that Defendants' actions amount to the denial of access to the courts. *Id*. On August 9, 2022, Garcia's Complaint was transferred to the Brownsville Division of the Southern District of Texas. Dkt. No. 5. On August 30, 2022, the Court granted Garcia's

---

[2] In *Garcia v. Crow*, another § 1983 lawsuit Garcia filed that is currently pending in the Corpus Christi Division of the Southern District of Texas, Plaintiff alleges that several prison officials acted with deliberate indifference to his health by exposing him to Covid-19. Magistrate Judge Julie K. Hampton has recommended that Garcia's claims be dismissed and that the dismissal of the case count as a "strike" for purposes of 28 U.S.C. § 1915. The Report and Recommendation is currently pending before the Court. 2:22-cv-68, at Dkt. No. 12.

"Application to Proceed in Forma Pauperis." Dkt. No. 6. The Court notified Plaintiff that his case is subject to the screening provisions of the Prisoner Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2), 1915A ("PLRA"). *Id.* at 3.

### III.     Legal Standards

#### A. *In Forma Pauperis Screening*

Pursuant to the PLRA, a court shall dismiss the complaint of any prisoner complaining about violations of federal law if the complaint is frivolous or malicious, or if it "fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1).

Section 1915A of Title 28 similarly provides for the early screening and dismissal of frivolous prisoner lawsuits. In relevant part, § 1915A provides:

> (a) Screening—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity.
>
> (b) Grounds for dismissal—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b). Likewise, § 1915(e)(2)(B) of Title 28 provides that, regardless of whether a prisoner has paid any portion of a filing fee, a court shall dismiss the prisoner's case at any time if it finds that the case (i) is frivolous of malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

3

A claim is frivolous if it has no arguable basis in law or fact, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). A dismissal for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff,", "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations omitted).

A pro se plaintiff's pleadings are "to be liberally construed" and no matter how "inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Notwithstanding, this "does not exempt [the pro se] party from compliance with the relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

### B.  42 U.S.C. § 1983

Section 1983 of Title 42 provides a cause of action against any person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983, however, "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S.137, 144 n. 3 (1979). To establish a claim under § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged

4

deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

"It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). This right of access, however, is not unlimited, and involves "only a reasonably adequate opportunity to file non-frivolous legal claims challenging convictions or conditions of confinement." *Id.* (internal citation omitted). "[T]he Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). In order to state a claim, a plaintiff must "demonstrate that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (internal citation omitted). This requirement entails that a claimant show "actual injury". *Lewis v. Casey*, 518 U.S. 351, 354 (1996).

### IV.   Discussion

Garcia's Complaint does not pass muster under the PLRA, and §§ 1915(e)(2) and 1915 of Title 28 screening process. Garcia alleges that Defendants denied him access to legal materials when they gave him use of a landline instead of the Zoom video platform ("Zoom") for a court conference. The Fifth Circuit has explained that the right of access to legal materials is an offshoot of the right of access to the court. *Mann v. Smith*, 796 F.2d 79, 83 (5th Cir. 1986). Inmates have a right of access to court, but an actual injury must be demonstrated in order to set out a violation of this right. *Lewis*, 518 U.S. at 354. "[The inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's

5

legal assistance facilities, he could not have known." *Id*. at 351. "Hence the need for care in requiring that the predicate claim be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002).

Garcia has not alleged anything to suggest that his underlying cause of action is arguable and non-frivolous. He merely states that "[t]he hearing had to be held on a landline that had a bad connection and I was not satisfied with the outcome of the hearing . . . Because of this action I was nearly given a strike for almost missing a deadline." Dkt. No. 1 at 5. Plaintiff offers no facts to support the allegation that his use of a landline rather than Zoom actually prejudiced his position in any way. The Court notes that despite not being given access to Zoom, he was still able to attend and participate in his hearing. As previously stated, a litigant complaining of denial of access must show that his legal position has been prejudiced. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). Plaintiff has wholly failed to do so. His claim lacks an arguable basis in law and fails to state a claim upon which relief may be granted. Accordingly, the Court should dismiss Plaintiff's claim with prejudice as frivolous and for failure to state a claim.

## V. Recommendation

For the reasons provided above, it is recommended that: (1) Garcia's Complaint be **DISMISSED WITH PREJUDICE**; and (2) the Clerk of Court be **DIRECTED** to **CLOSE** this case. It is further recommended that the Court **NOTIFY** Garcia that the Court's dismissal of this action counts as a strike for purposes of 28 U.S.C. § 1915(g) and that the Clerk of Court be instructed to send notice of the dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Finally, it is recommended that the Court caution Garcia that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal, if he files that action or appeal while incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *see also Carson v. Johnson*, 112 F.3d 818, 819-820 (5th Cir. 1997).

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **11th** day of **October, 2022**, at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**